**Reyna SALDANA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–70625.

INS No. A73–396–391.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2003.*

Decided May 23, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before HAWKINS and W. FLETCHER, Circuit Judges, and KING,** Senior District Judge.

MEMORANDUM ***

Petitioner Reyna Saldana ("Saldana") seeks review of a decision of the Board of Immigration Appeals ("BIA"), dismissing her appeal of the Immigration Judge's ("IJ") denial of her motion to rescind an *in absentia* deportation order and to reopen deportation proceedings to apply for suspension of deportation.

Saldana contends that she failed to be present at her deportation hearing because her attorney advised her that "her

case was over and she need not appear for the hearing." Saldana's claim of exceptional circumstances is therefore based on ineffective assistance of counsel. She did not comply, however, with the threshold requirements of *Matter of Lozada*, 191 I. & N. Dec. 637, 639, 1988 WL 235454 (BIA 1988), when submitting this claim to the IJ. Saldana did substantially comply with those requirements when her case was before the BIA, but the BIA nevertheless dismissed her appeal.

That decision was not an abuse of discretion. Saldana's motion to reopen alleges only that her attorney told her not to worry about continuing with her *asylum* application. Her allegations, even if accepted as true, do not provide sufficient cause for her failure to appear at the later deportation hearing. Further, Saldana admits to receiving written notice of the consequences of a failure to appear, but claims that she "failed to properly read and understand the language" of the Order to Show Cause, even though she has also admitted to fluency in English. She later contended that placement of the hearing date on the fifth page of the Order infringed her due process rights, but does not press this claim in the present petition. Finally, even though Saldana terminated her attorney's representation before receiving the Order to Show Cause, she claims a continuing reliance on his earlier statements concerning her asylum application when she failed to appear for the deportation hearing. Under such circumstances, the BIA's determination that Saldana did not demonstrate exceptional circumstances was within its discretion.

However, because Saldana never received oral notice that her failure to

** The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

appear for the deportation hearing would render her ineligible for suspension of deportation, she may still be eligible for that form of discretionary relief. *See* 8 U.S.C. § 1252b(e)(1), (e)(5); *Matter of M–S–,* 22 I. & N. Dec. 349 (BIA 1998). Therefore, as the INS properly concedes, remand is appropriate to allow the BIA to consider Saldana's motion to reopen to apply for suspension of deportation.

PETITION GRANTED IN PART AND DENIED IN PART.